IN TALIAFERRO SUPERIOR COURT, JANUARY, 1831.

WALTER NUNNELLY *vs.* The ROAD COMMISSIONERS, ROBERT C. GIBSON and CHARLES BRISTOW.

## Fi. fa. and Illegality.

Where a *certiorari* was granted and sustained against the Commissioners of the Road and there was no allegation that they acted corruptly or with design to oppress they were held not to be individually liable for costs.

IN this case the plaintiff had obtained a *certiorari*, against the Road Commissioners, which *certiorari* had been sustained by the court and an execution for costs issued thereon, which had been levied upon the property of the defendants. They have filed their affidavit of illegality in which they contend that they are not liable in their individual capacity to pay the costs which have accrued upon the *certiorari*, and allege that they have no public funds in their hands as Road Commissioners, out of which the *fi. fa.* can be satisfied.

Question submitted for the decision of the Convention, is, are the defendants liable to pay the said *fi. fa.* out of their individual property?

*By the Convention.* There is no statute law upon the subject, and no principle of the common law of England, now recollected, is applicable to the case. The Commissioners of Roads are officers who render services without compensation, and therefore ought to be subjected to no inconvenience, injury or expense, for the discharge of duties which are gratuitous, unless it is shown that they have acted corruptly, or with intention to oppress. There is no allegation of that kind in this case. They are therefore in contemplation of law presumed to have acted correctly. In the absence of all legal provisions, applicable to the case, it is not the duty, nor is it within the power of the courts to subject these Commissioners to the payment of the costs in this case. If the view presented with regard to the law be correct, that of expediency strictly coincides with the law. In courts of justice, reasons, *ab inconvenienti*, are seldom allowed to have operation. Wherever the law can be ascertained, it is sufficient for courts of justice that, "*ita lex scripta est.*" In the present case the law and reason are strictly coincident. In this State the pub-

lic roads are placed under the superintendence of the commissioners of roads. Every citizen in the State is interested in the proper repair of the public roads. If they are not kept in a proper state of repair the planter cannot send the productions of his plantation to market and receive the reward of his industry. If the commissioners of the roads be subjected to vexation and expense in the discharge of their gratuitous services, they will become remiss and inattentive to the proper discharge of duties which are of deep interest to the community. It may be asked, how then are the costs to be paid. It is not for the judiciary department to answer this question; it is the duty of this department to apply, and expound the laws, not to make them. That high and responsible duty belongs to a different department of the government, which doubtless will provide for the case when they shall be properly informed, that there is a chasm in the legislation of the State upon this subject. Until that provision shall be made, the evil arising from the want of such provision cannot be extensive.

The affidavit of illegality must be sustained.